Case 3:18-cv-00121   Document 13   Filed on 05/09/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CLAUDIE CAMPBELL, TDCJ # 02510648, | § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 3:18-0121 |
| WARDEN PATRICK COOPER, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Claudie Campbell, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed this civil-rights action in April 2018. On April 17, 2019, the Court ordered Campbell to submit a more definite statement of his claims within 30 days (Dkt. 9). On May 31, 2019, after Campbell failed to submit the statement, the Court dismissed this action under Federal Rule of Civil Procedure 41(b) (Dkt. 10).

Campbell filed no documents until February 10, 2025, when he wrote the Clerk for a case update (Dkt. 11). The Clerk mailed him a docket sheet and copy of the dismissal order. On February 27, 2025, Campbell filed a motion to reopen his case.

Rule 60(b) permits reconsideration of an order or judgment on "just terms." FED. R. CIV. P. 60(b). A motion under Rule 60(b) may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Rule 60(b)

1 / 3

is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (cleaned up). Under Rule 60(b)(6), relief is appropriate "only if extraordinary circumstances are present." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (cleaned up).

Campbell filed his motion more than one year after the dismissal order. His motion thus is untimely under the sections of Rule 60(b) that permit motions based on mistake, excusable neglect, or fraud, among other grounds. *See* FED. R. CIV. P. 60(c)(1) (a motion under Rule 60(b)(1), (2), or (3) "***must*** be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding" being challenged) (emphasis added). A motion under Rule 60(b)(6), which permits reconsideration based on "any other reason that justifies relief," is not subject to the one-year time limit. However, all motions under Rule 60(b) must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1).

Here, Campbell seeks reinstatement of his case on the basis that he was totally unaware of the order to submit a more definite statement and thus could not comply (Dkt. 12). He states that he could have responded quickly to the questions, if he had received them, and that he wants a fair chance to reveal facts supporting his claims.

Campbell makes no showing that his motion under Rule 60(b) was filed within a reasonable time. FED. R. CIV. P. 60(c)(1); s*ee In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017); *Smith v. Kukua*, 487 F. App'x 145, 146 (5th Cir. 2012). He offers no explanation as to why nearly six years elapsed before he wrote to the Court to inquire about the status of

his case.[1]  Additionally, he fails to show that extraordinary circumstances warrant relief. *See Hesling*, 396 F.3d at 642. His motion to reopen his case (Dkt. 12) therefore is **DENIED** under Rule 60(b). All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____May 9_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Campbell filed his motion from TDCJ. Because he now has a different TDCJ number than he had when he filed this case in 2018, it appears that he was released from TDCJ and has been incarcerated again. TDCJ's public online records reflect that Campbell is currently serving three sentences imposed in 2024. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/search.action (last visited May 7, 2025).